Per Curiam.

This was an action against the defendant, as endorser of a promissory note, dated the 18th day of June, 1827, payable *431 on demand, with interest. The defendant resided in New-York, and the plaintiff in the state of New-Jersey, about 12 miles from the city. The demand of payment, of the makers, was made on the 23d of March, 1829, and notice given to the defendant, as endorser, on the next day. The question is, whether the defendant was discharged by the delay in demanding payment.
It is settled in our courts, that a note, payable on demand, must be presented for payment within a reasonable time, and notice given to the endorser, and that when the facts are ascertained, what is a reasonable time, is a question of law. [Sice v. Cunningham, 1 Cowen 408. Furman v. Haskin, 2 Caines’ R. 369.] Every case must, in some measure, depend on its own circumstances. In the present case, it appears that the note was given for a loan of money, and upon interest, and that the interest was paid and endorsed on the note at the end of one year. Although there is no explicit evidence to show that the defendant knew the purpose for which the note was made, or how it was used by one of the makers, for whose accommodation it was endorsed; yet, the circumstances of the case are sufficient to justify the belief that the defendant was apprized of the plaintiff’s possession of the note; and it evidently was not made for the ordinary purposes of mercantile negotiation. This is apparent from the phraseology of the note itself, and the caution with which it is worded. It is payable on demand, it is true, but it bears interest, and is to be paid by the makers without “ default.” This is sufficient to show that the endorsement of the defendant, was obtained under no ordinary circumstances, and that the makers had assured him, that he should come to no harm by his act of endorsing. The note itself bears evidence upon its face, that it was given to secure the re-payment of a loan, and that it was not to be demanded at the usual time, and that the endorser was considered in the light of a surety or guarantee.
The rule, requiring a presentment within a reasonable time, was intended for, and is applicable to negotiable instruments made for commercial purposes only. It was not intended for cases of suretyship, or notes of a like description, and the present one is, evidently excluded from the rule, by the peculiar circumstances *432 attending it. Here the holder was an old man, not connected with business, residing at some distance from the city. The defendant knew these circumstances, and cannot claim any peculiar, indulgence from a consideration of the facts. As each case is governed in some degree, by the circumstances attending it, in this, there must be judgment for the plaintiff.

Judgment for the plaintiff.

S. B. Romaine, Att’y for the plff. A. Dey, Att’y for the deft.