STEDMAN and another *against* JILLSON and another.

Though the indorsee of a negotiable promissory note, negotiated after due, takes it subject to all the equities which existed against it in the hands of the payee, arising out of the note transaction itself, he is not liable to a set-off of debts due from the payee to the maker, having no connexion with the subject matter of the note.

Stedman
*v.*
Jillson.

THIS was an action brought by the plaintiffs, as indorsees of a promissory note, made by the defendants and *William Jillson*, since deceased, for 1500 dollars, dated the 10th of *June*, 1829, and payable to *Charles Lee*, or order, on demand, with interest; which note *Lee*, on the 3d of *August*, 1829, indorsed to the plaintiffs.

The defendants pleaded a set-off of sundry debts due from *Lee* to them, and that *Lee* was insolvent. The debts so claimed to be set off had no connexion with the subject matter of this note, except one claim of 500 dollars. The plaintiffs claimed to recover, by this suit, only 1000 dollars.

The cause was tried at *Brooklyn, October* term, 1832, before *Williams*, J.

On the trial, it was admitted, that at and before the date of the note, the makers were partners and manufacturers; that before that time, *Lee* had indorsed for them three drafts, of 500 dollars each, drawn by them on *Waters, Putnam & Torrey*, of *New-York;* that the drawees, after acceptance, had failed, and the drafts remained unpaid; that on said 10th of *June*, the creditors of the *Jillsons* attached their property, and one of the firm executed the note in question, *Lee*, in consideration thereof, engaging to pay the above-mentioned drafts; that the note so made was immediately put in suit, and the property of the *Jillsons* attached; that on the same day, the *Jillsons* assigned all their property to their creditors and stopped business; that prior to the 3d of *August, Lee* paid two of said drafts, the *Jillsons* having paid the other; that *Lee*, on that day, to induce the plaintiffs to indorse for him a note for 1000 dollars, to enable him to meet a draft for that amount, drawn by the *Jillsons* on him, payable on the 10th of *August*, informed them, that said note was given at the time of the failure of the *Jillsons*, to secure him for the payment of the drafts, two of which he had since paid, and that said note was in suit and secured by attachment, of which they might have the benefit; that *Lee* thereupon indorsed said note, and also gave a separate writing authorizing them to prosecute said suit, and assigning said note to them as collateral security for such indorsement; that the plaintiffs prosecuted said suit, but failed of a recovery therein, on account of said indorsement.

Under these circumstances, the defendants insisted, that they were entitled to the set-off claimed. The plaintiffs claimed,

*Windham,*
July, 1833.

Stedman
*v.*
Jillson.

that the note being negotiable, no such set-off could be made; and that the debts were not due at the time of the assignment of the note.

The judge charged the jury, that as the note was payable on demand, the time which had elapsed would not be sufficient evidence that it was dishonoured to entitle the defendants to the benefit of the set-off; and that the fact that a suit was commenced to strengthen the security, would not vary the plaintiffs' rights.

The plaintiffs obtained a verdict; and the defendants moved for a new trial for a mis-direction.

*Strong* and *Catlin*, in support of the motion, contended, 1. That this note, when it was negotiated, was to be regarded as over-due, from the time which elapsed after its date. In no instance has a note on demand, indorsed fifty-five days after its date, without any intervening act of the maker shewing it to be valid, been held to be delivered, in the hands of an indorsee, from the defence to which it was liable in the hands of the payee. *Loomis* v. *Pulver,* 9 *Johns. Rep.* 244. *Furman* v. *Haskin,* 2 *Caines* 369. *Ayer* v. *Hutchins* & al. 4 *Mass. Rep.* 370. 373. *Field* v. *Nickerson,* 13 *Mass. Rep.* 131. *Nevins* v. *Townsend* & al. 6 *Conn. Rep.* 5. *Martin* v. *Winslow,* 2 *Mason* 241. *Losee* v. *Dunkin,* 7 *Johns. Rep.* 70. *Sanford* v. *Mickles* & al. 4 *Johns. Rep.* 224. *Hendricks* v. *Judah,* 1 *Johns. Rep.* 319. *Thurston* v. *McKown,* 6 *Mass. Rep.* 428. Suppose *Lee* had indorsed this note to the plaintiffs, on the 10th of *June,* and no demand had been made of the *Jillsons* until the 3d of *August,* would *Lee* have been liable as indorser? This is the test. *Field* v. *Nickerson,* 13 *Mass. Rep.* 131. *Martin* v. *Winslow,* 2 *Mason* 241. *Aymar* v. *Beers,* 7 *Cowen* 705.

2. That this note was indorsed to the plaintiff as a pledge, not in the course of trade. *Thompson* v. *Hale,* 6 *Pick.* 259. *Roberts* & al. v. *Eden,* 1 *Bos. & Pull.* 398.

3. That it was indorsed as a note in suit, to be pursued in the name of the payee, not looking to its negotiable quality.

4. That the fact that the note was in suit, was evidence of its dishonour. It was, in itself, sufficient to put the party on his guard—to put him on inquiry—and if so, he takes the explanation of the indorser alone at his peril. If there were

other facts in the case, which he might have learned from the maker, and he made no inquiry of him, he must suffer the consequences. *Crossley* v. *Ham,* 13 *East* 498. *Hall* v. *Hale,* 8 *Conn. Rep.* 336. 340.

*Goddard* and *J. W. Huntington,* contra, insisted, That the direction to the jury, was unexceptionable.

1. The court could not have directed the jury, that the time, of itself, was sufficient to make the note a dishonoured one. The law prescribes no precise time, when a note payable on demand, is to be considered as dishonoured, so as to let in against the indorsee the equities of the maker against the payee. It depends upon the situation of the parties, and all the circumstances of the case. 2 *Caines* 372. n. 1 *Selw. N. P.* 341. n. *Field* v. *Nickerson,* 13 *Mass. Rep.* 131. 137. *Ayer* v. *Hutchins* & al. 4 *Mass. Rep.* 370. *Loomis* v. *Pulver,* 9 *Johns. Rep.* 244. *Sanford* v. *Mickles* & al. 4 *Johns. Rep.* 224.

2. The circumstances of the case were not such as to let in the equities of the maker against the payee. Nothing occurred between the making and the assignment of the note, fitted to awaken inquiry as to the state of the accounts between the defendants and *Lee ;* nor was there any thing making it the duty of the plaintiffs to inquire into these accounts. Had they any reason to suspect, that the defendants had debts to set off, when they gave the note for the very purpose of having it secured by attachment ?

3. The debts offered to be set off were not *due,* at the time of the assignment ; and for that reason, they cannot be set off.

4. Though the indorsee of an over-due promissory note is liable, in an action against the maker, to all equities arising out of the note transaction itself, he is not liable to a set-off in respect of debts due from the indorser to the maker of the note arising out of collateral matters. *Burrough* v. *Moss,* 10 *Barn. & Cres.* 558. (21 *Serg. & Lowb.* 128.) *Robinson* v. *Lyman,* ante 30.

WILLIAMS, J. The court below was of opinion, that this note being payable to order, on demand, with interest, though in point of law it must be considered as payable immediately, yet as it was payable to order, it must have been intended to be negotiable ; and being also payable with interest, it seems to

have been intended as a permanent security; and that this mode must have been taken to give additional facility to the payee in raising money to meet the demands with which he was onerated, by the failure of the makers; and the effect of this arrangement would be defeated, by allowing a set-off: That the suit was intended to give additional security instead of clogging the note ; and that the defendants, having put it into the power of *Lee* to appear as owner of the note, under these circumstances, ought not to avail themselves of their other claims upon him, as against these plaintiffs.   As this court, however, have not decided the case upon this point, I shall only allude to some of the cases which seem to support these principles, without examining those which might be cited to the contrary.   *Heywood* & al. v. *Watson*, 4 *Bing*. 496. (15 *Serg. & Lowb*. 55.)   *Pease* & al. v. *Hirst* & al. 10 *Barn. & Cres*. 122. (21 *Serg. & Lowb*. 38.)   *Barough* v. *White*, 4 *Barn. & Cres*. 325. (10 *Serg. & Lowb*. 345.) *Sice* v. *Cunningham* & al. 1 *Cowen* 397.   *Vreeland* v. *Hyde*, 2 *Hall* 429.

Another question of considerable importance arises in this case, whether under our statute, a set-off can be made in a case where the plaintiff sues in his own right, and the debt is against another person not party to the record.   It not being necessary to decide this question, at this time, and it being a question upon which learned judges have widely differed, in a neighbouring state, no opinion is expressed.

This case I consider as determined by the case of *Robinson* v. *Lyman*, (ante 30.) in *New-London* county, decided at this term.   The authorities cited and principles adopted, in that case, are strictly applicable to this ; and according to those principles, the defendants are not entitled to a set-off.   Of course, there can be no new trial.

The other Judges were of the same opinion.

New trial not to be granted.