ROBERT ANNAN *vs.* EZRA HOUCK.—*December* 1846.

*A* gave his promissory note to *J*, who endorsed it to *H*. In an action by *H* against *A*, he pleaded, that after the note was due, and before the commencement of the action, a period of about five months, and before the note was endorsed to *H*, *J* was indebted to him in a large sum, &c., for, &c., which exceeds the amount of the note and the damages sustained by *H*, which he, *A*, offers to set off, and allow to *H* to the full amount of such damages in bar, &c. HELD, upon general demurrer, that this plea was no bar to the action.

Annan *vs.* Houck.—1846.

A claim which the maker of a note has against the payee, not connected with it, cannot be set off in an action brought by an endorsee against the maker, though the note was endorsed after it fell due.

Any objection which may be taken against a note, may be taken against an endorsee thereof, if, when he took it, it appeared upon the face of it to . have been dishonored.

A promissory note is certainly negotiable, as well after, as before it became due.

A set-off means a cross claim. One, therefore, upon which the defendant never could have sued the plaintiff, cannot be used as a set-off.

Courts will give a liberal construction to beneficial and remedial laws, but still it is the business of courts to declare, not make the law. So improvements in the law are to be accomplished by further legislation, not by misconstruction.

In an action upon a promissory note, in the name of the endorsee, *bona fide*, and for valuable consideration, a demand in favor of the maker against the endorser, is not admissible as a set-off, although the note may have been discredited when the endorser took it.

A set-off is confined to mutual debts between the plaintiff and defendant. It is a privilege unknown to the common law.

Courts of law, upon application to them, set off a judgment which the defendant has against the plaintiff, against another judgment which the latter has against the former.

APPEAL from *Frederick* county court.

This was an action of *assumpsit,* commenced on the 10th October 1843, by *Ezra Houck against Robert Annan.*

The plaintiff declared :

1st. "That whereas the said defendant, on the 30th September 1842, at, &c., made his certain promissory note in writing, bearing date the day and year aforesaid, by which said note the said defendant, six months after date, promised to pay *Z. Jodon,* or order, $271.62, with interest from date, for value received, and alleged its delivery to the payee, and endorsement by him to *Ezra Houck,* &c.

2nd. For so much money, by the plaintiff lent and advanced to the defendant, at his special instance and request.

The defendant pleaded :

1st. *Non assumpsit.*

2nd. As to the said *first* count, that the said promissory note was endorsed and assigned to the said plaintiff by a certain *Zachariah Jodon,* the payee in the said note, after the said

note was due, to wit, on the 10th April 1843, at, &c.; and the said *Zachariah Jodon,* before commencement of this suit, and before the said note was endorsed and assigned to the said plaintiff, by the said *Zachariah Jodon,* as aforesaid, to wit, &c., was indebted to him, the said defendant, in a large sum of money, to wit, &c., for money by the said defendant before that time lent and advanced to, and paid, laid out and expended, for the said *Zachariah Jodon,* and at his special instance and request; which said sum of money, so due and owing from the said *Zachariah Jodon* to the said defendant, as aforesaid, exceeds the damages sustained by the said plaintiff, by reason of the non-performance by him, the said defendant, of the said supposed promise and undertaking in the said first count mentioned, and out of which said sum of money, so due and owing from the said *Zachariah Jodon* to the said defendant, he, the said defendant, is ready and willing, and hereby offers to set off and allow to the said plaintiff the full amount of the said damages, according to the form of the statute in such case made and provided; and this the said defendant is ready to verify, wherefore, &c.

3rd. As to the said *second* count, repeating same plea in bar as to the first count.

To these second and third pleas the plaintiff demurred generally, in which the defendant joined.

The county court rendered judgment on the demurrer for the plaintiff below, overruling the pleas in bar, and the defendant, after verdict, &c., on first plea, appealed to this court.

The cause was argued before ARCHER, C. J., DORSEY, MAGRUDER and MARTIN, J.

By F. A. SCHLEY for the appellant.

In this case, the appellant gave his promissory note, payable to *Jodon,* or order, six months after date. After the note was past due for some time, *Jodon* assigned the note to *Houck,* the appellee. Before the note was due, *Annan,* the drawer, had paid considerable sums of money, in the aggregate amounting to as much as the note, to *Jodon,* and for his use. These

sums of money so paid, laid out and expended, &c., *Annan* pleaded as a set-off or discount to the note in the hands of *Houck*, the assignee, they being paid for *Jodon*, and to *Jodon*, before the assignment of the note. To this plea the plaintiff demurred, and the court gave judgment in favor of the plaintiff, for the amount of the note, overruling the demurrer.

The appellant will contend, that this judgment is erroneous, because the note being assigned when it was over-due, *Houck*, the assignee, took it, subject to all the equities that existed at the time of the assignment between the drawer and assignor. In other words, that the note being past due, the assignee stands in the shoes of the assignor, and has no greater rights, and will be subjected to all the defences that the assignor, had he sued, would be subjected to.

In support of his views, he cited the following references:

1729, *ch.* 20. *Balt. Ins. Co. vs. McFadon,* 4 *H. & J.,* 40. 1829, *ch.* 51. *Clarke vs. Magruder,* 2 *H. & J.,* 77. 1 *Stev. N. Prius.,* 860. *Brown vs. Davis,* 3 *Term,* 80, 83*a.* *Boehm vs. Sterling,* 7 *Term,* 429. *Burrough vs. Moss,* 10 *Barn. & Cres.,* 558. 21 *E. C. L.,* 128. 1 *Stev. N. P.,* 861. 3 *Kent,* 91, *Ed.* 1844. *O'Callaghan vs. Sawyer,* 5 *John.,* 118. *Bank of Niagara vs. McCrackem,* 18 *John.,* 493. *Ford vs. Stuart,* 19 *John.,* 342. *Bridge vs. Johnson,* 5 *Wend.,* 351, 355. *Driggs vs. Rockwell,* 11 *Wend.,* 508. *Evans vs. Smith,* 4 *Binney,* 369. *Ritchie and Wales, vs. Moore, &c.,* 5 *Munf.,* 395. *Sargent, et al., vs. Southgate,* 5 *Pick.,* 312. *Boylston vs. Greene,* 8 *Mass.,* 465. *Andrews vs. Pond, et al.,* 13 *Peters,* 79. *Robinson vs. Lyman,* 10 *Ct.,* 30.

By J. M. PALMER for the appellee, who contended:

1st. The act of Assembly of 1785, ch. 46, sec. 7, authorises the defendant to file an account in bar, or to plead discount of any claim he may have against the plaintiff. Therefore the appellee submits, whether the defendant in the court below, could, and was justified, in pleading a set-off of the said claims and demands he had against *Zachariah Jodon*, to defeat the plaintiff's action, as endorsee of said promissory note.

2nd. The promissory note in question being over-due, when endorsed and delivered to the appellee, was nevertheless negotiable, and the legal interest in the note passed to the appellee by virtue of the endorsement, &c.

3rd. The endorsee of an over-due promissory note is liable to such equities only as attach to the note itself, and not to claims arising out of collateral matters, between the original parties to the note.

4th. A plea of set off is not an equity, but is a legal defence in the nature of a cross-action for a legal demand, introduced to prevent a multiplicity of actions.

He cited as follows:

1785, 46, *sec.* 7. 5 *Wend.*, 342. *Wheeler vs. Raymond*, 5 *Cowen*, 231. 1829, *ch.* 51. *Raymond vs. Wheeler*, 9 *Cowen*, 296. 5 *Wend.*, 353. *Chandler vs. Drew*, 6 *New Hamp.*, 469. *Ranger vs. Cary, et al.*, 1 *Medcalf*, 374. *Charles vs. Marsden*, 1 *Taunt*, 223. *Balt. Ins. Co. vs. McFadon*, 4 *H. & J.*, 40. *Holland vs. Makepeace*, 8 *Mass.*, 418.

MAGRUDER, J., delivered the opinion of this court.

A promissory note, executed by the plaintiff in error, to one *Zachariah Jodon*, or order, bearing date 13th September 1842, and payable six months after date, is the cause of action in this case.

It is not pretended that to this claim any defence can be offered, unless the matters set forth in the second and third pleas furnish such defence. Those pleas state, that the endorsement of said note, was made after it became due, to wit, on the 10th day of April 1843, and that *Jodon*, the endorser, before the commencement of this suit, and before the endorsement, to wit, on the day last mentioned, was indebted and still is indebted to said defendant, the plaintiff in error, for money lent and advanced, and paid, laid out and expended, to and for said *Jodon*, $500, which exceeds the amount of said note; and this he offers to set off, and allow in this suit. To these pleas the defendant in error demurred, and thus is presented to us the only question, which, in this case, can be decided by the court:—Is a claim, which the defendant in the

42      v.4

court below, (the drawer of the note,) had against the endorser who is no party to the suit, to be set off in this action, brought by the endorsee in his own name?

The decisions of the courts of *Maryland*, to which reference has been given by the counsel for the plaintiff in error, do not decide this question.

In the case of *Clarke against Magruder and others*, 2 *H. & J.*, 77, the demand which it was proposed to set off, was a legal demand which the debtor (the defendant in the suit,) had against the legal plaintiff, and it would seem from the report of the trial in the *General Court*, that the question which the court was asked to decide, was, whether the defendant could avail himself, in the form of a set-off, of a claim, which he had not at the time of the institution of the suit against him?

In the case of the *Baltimore Insurance Co. and McFadon*, 4 *H. & J.*, 31, the action was brought on a policy of insurance by *McFadon, for the use of Dorsey and Hollins*, and in discount or bar of that claim, the defendant offered in evidence, the promissory notes of the legal plaintiff, and others, to the defendants. The case was obviously unlike the present. The decision of the *General Court* was, that these promissory notes could not be received, in bar of the plaintiff's claim, that claim being for uncertain, unliquidated, damages. In the reversal of this opinion, the Court of Appeals, it is believed, only decided, that a liquidated claim which the defendant has against the plaintiff, may be set off against an unliquidated claim, on which the suit was brought, &c.

It is said, that if a man becomes the owner of a promissory note, after it is due, he takes it subject to all the equities to which it would be liable, if still in the hands of the endorser, that this is not universally true may be seen by a reference to the case of *Kemp's Ex. vs. McPherson and others*, 7 *H. & J.* 320. But what are the equities, of which a defendant may avail himself, in an action against the drawer of a promissory note by the endorsee, when the note is endorsed after it became due? *Chitty*, in his *Treatise on Bills*, *p.* 242, *Am. Edit.*, 1839, after the remark, " that there is a material distinction, in the effect

of a transfer, before a bill (and it is equally true of a promissory note,) is due, and one made after that time," proceeds, "when a transfer of a bill is made, *after it is due*, whether by endorsement or mere delivery, it has been long settled, that at least it is to be left to the jury, upon the slightest circumstance to presume, that the endorsee was acquainted with the fraud, or had notice of the circumstances, which would have affected the validity of the bill, had it been in the hands of the person, who was holder thereof at the time it became due, and though the endorsee may have been ignorant of the fraud, yet any objection which might have been taken against the bill, when in the hands of the endorser, may be taken against him, if the bill or note when he took it, appeared *upon the face of it* to have been dishonored."

The plaintiff in error, had no such equity of which to avail himself. His note did not appear on the face of it, to be dishonored, and for the non-payment of it, when it became due, he assigns no reason. All that we are told by him is, that before the suit was instituted, and indeed before the endorsement of the note, (but *non constat*, that at the time the note became due,) he also had a claim against the payee, which he is willing to set off against the note, after it has been endorsed to another; who, it is to be presumed, in deciding upon this demurrer, was ignorant of any circumstances, which, by any form of pleading, would prejudice his claim against the drawer of the note.

A promissory note is certainly negotiable, as well after, as before it becomes due, and surely, the plaintiff in error is not entitled to more equity than an obligor in an assigned bond, yet even in equity, we are told by *Judge Johnson*, in the case 4 *H. & J.*, 45, the debtor can have no redress where a claim had been transferred to a third person, who had no notice at the time he received the assignment.

A set-off means, a " cross-claim, for which an action might be maintained *against the plaintiff*, and is very different from a mere right to a deduction from, or reduction of, his demand, on account of some matter connected therewith." *See* the authorities cited, 2 *Saunders on Pleading and Evidence*, 314,

*Am. Edit.*, 1829. Surely upon this claim, on which the plaintiff in error relies, no action could be instituted against the defendant in error, who is the plaintiff in this action.

As a reason why the plaintiff in error should be allowed to discount in this case, we are told, that the statutes of *George 2nd*, and our act of Assembly of 1785, ought to receive a most liberal construction. No doubt they are beneficial laws, and it may be, that the legislature might make them more so. But it is the business of courts, *jus dicere*, and not, *jus dare*. If the law of set off can be improved, let this be done by further legislation; not by misconstruction.

In 4 *Dallas' Reports, p.* 30, *No.* 1, *Mr. Justice Chase* of the *Supreme Court of the United States,* after remarking, "that by the rules which have been laid down for the construction of statutes, and the latitude which has been indulged in their application, the *British* judges have assumed a legislative power, and, under the pretence of judicial exposition, have in fact made a great portion of the statute law of the kingdom." adds, "of these rules of construction, none can be more dangerous than that, which, distinguishing between the *intent* and the *words* of the legislature, declares that a case, not within the meaning of the statute, (according to the opinion of the judges,) shall not be embraced in the operation of the statute, although it be clearly within the words; or, *vice versa*, that a case within the meaning, though not within the words, shall be embraced." Perhaps it was the fault of some judges, whose decisions have been read to us, that they did not avoid the error here imputed to *English* judges; did not "conform to the expressions of the legislature." Without commenting upon these, and such like cases, we prefer the decisions, and the reasoning in support of them, to be found in 8 *Mass. Rep.,* 418; 6 *N. H. Rep.,* 469; 10 *Connec. Rep.,* 30; and think, that "in an action upon a promissory note, in the name of the endorsee, *bona fide,* and for valuable consideration, a demand in favor of the maker against the endorser, is not admissible as a set-off, although the note may have been discredited when the endorser took it;" and therefore affirm this judgment.

In thus disposing of this cause, we are warranted by the plain language of the law, which authorises a set-off, of "mutual debts between the plaintiff and defendant; and where the defendant shall have any claim or claims against the plaintiff." In these cases, the defendant is allowed, if he thinks proper to set off his claim against the other. The power, or privilege here given to a defendant, is unknown to the common law. Courts, indeed, have always been in the practice, upon application, of setting off a judgment, which the defendant has against the plaintiff, against that which the latter has against the former. This practice, we are told, rests upon the general jurisdiction of courts over the suitors in them. 3 *East.*, 149. 1 *M. & Sel.*, 240. 4 *Durnford and East.*, 123. Before judgment is obtained, the right of the defendant to set off his claim, depends entirely upon statute, and there is none of force in *Maryland*, which will authorise the plaintiff in error to set off his claim, in bar to this suit.

JUDGMENT AFFIRMED.