## Susannah Mudd, Adm'x of Francis Mudd, *against* James Harper.

A note payable on demand, must be demanded within a reasonable time, otherwise the endorser is discharged. If a creditor takes from his debtor, in part payment of his debt, a promissory note, endorsed by the payee and the debtor, he is not bound to make the demand on the day it was assigned to him, but is allowed a reasonable time after he gets the possession of it, to make demand, and the statute of limitations does not run from the day that he takes the note, but from the time that the endorser ought to have made the demand. Demand must be made and notice of non-payment given within a reasonable time, and the suit must be brought within three years after such reasonable time has expired, or the creditor's claim is barred by the statute of limitations, if pleaded.

The endorsement of a bill or note, after it becomes due, is equivalent to one *at sight*.

No procedendo will be ordered, although the plaintiff below reverses the judgment, if it be apparent to the court that he cannot succeed on a second trial.

This is an appeal in a case pending in Prince George's county court. The verdict was for the defendant there, and one exception was taken by the plaintiff.

The action was instituted on the 15th September 1846. On the part of the plaintiff there was proof, that the defendant was indebted to the plaintiff's intestate, as the administrator of one John A. Turton, and in part payment thereof, passed by endorsement to the plaintiff's intestate, a note given by William and Washington Hilliary, to Samuel Sprigg, and by the latter endorsed to the defendant. The note was payable on demand, and was due when assigned. The plaintiff's intestate instituted an action on the note against the drawers to the first term, and at the same term obtained a judgment, with a stay for twelve months; then issued a *fi. fa.*, returnable to the next term after the expiration of the stay, which was returned *nulla bona;* whereupon this suit was brought.

The declaration contained special counts on the note, and also the money counts. The defendant pleaded non assumpsit and limitations. The suit was brought within three years

after the stay expired, but more than three years after the assignment of the note by Harper to Mudd. The question presented by the exception is, whether the plea of limitations is a good defence to the action, and this depends upon the question, did the plaintiff's right of action accrue when the note was endorsed by the defendant to the plaintiff's intestate, or within a reasonable time thereafter, or not until his failure, as stated, to recover the money from the drawers of the note?

This case was argued before Le Grand, C. J., and Eccleston and Tuck, J.

By *Causin* for the appellant, and *Magruder* for the appellee.

On the part of the appellant it was contended, that the instruction given by the court virtually decides, that the assignee must, immediately after the assignment, sue not only the maker but the assignor; that limitations begins to run from the date of the assignment. As decisions, *e contra*, the counsel cited 2 *Wash., (Va.,) Rep.*, 294.  1 *Call Rep.*, 497. 5 *Call*, 78.  1 *Cranch*, 191.

In Maryland, by act of 1763, ch. 23, the assignee must first exhaust his remedy against the obligor. See also 3 and 4 *Stat. Ann, ch.* 9, *sec.* 10.  1 *Strange*, 507.

By assignment, the right of action against the assignor is suspended.  5 *G. & J.*, 508, 509, &c.  A case which also shows that an assignment is not a payment, *per se*, of the original claim.

*Magruder* for appellee.

Referred to *Chit. on Bills*, 123 *to* 130; 184 '5.

As to limitations:  1 *H. & G.*, 471.  12 *G. & J.*, 36.

As to due diligence:  5 *John. Rep.*, 68.  15 *John. Rep.*, 247.  6 *H. & J.*, 168.  6 *Gill*, 254.

The opinion of the court was pronounced by Le Grand, C. J.

This is an action of assumpsit, instituted on the 15th day of September 1846, against the defendant as the endorser of

a promissory note. The plaintiff proved that the defendant was indebted to her intestate, as administrator of John. A. Turton, and in *part* payment of a debt due by defendant, passed by endorsement to him, a note of William and Washington Hilleary, payable on *demand* to Samuel Sprigg, or order, and which the defendant held by the endorsement of Sprigg. The plaintiff's intestate, at the first term, brought suit against the Messrs. Hilleary, obtained judgment and sued out a *fi. fa.*, which was returned *nulla bona.* The plaintiff then brought this action against the defendant. The precise time when the note was endorsed to plaintiff's intestate, does not appear, but it was before the 25th day of March 1843, and in *part* payment of a precedent debt. The declaration, in addition to special counts on the note, contains the usual money counts. The defendant pleaded non assumpsit and limitations. On this state of facts, the court below instructed the jury, "that if they found from the evidence that the note referred to in the plaintiff's declaration was endorsed to the plaintiff's intestate, as executor of John A. Turton, more than three years before the institution of this action, then the action is barred, and the plaintiff is not entitled to recover."

Before proceeding to dispose of the other questions involved in the case, it may be remarked, that it does not appear from the evidence, what was the character of the debt for which the note in question was given in *part* payment. To have been recovered on under the declaration, in this case, it must have been a simple contract debt, and therefore, in the absence of all proof of a new promise, so much of it as was not covered by the note, was clearly barred by the statute of limitations.

It is urged on behalf of the defendant, that the plaintiff had no right of action against him, on the original debt, or on the note endorsed to her intestate, until the return of the *nulla bona* in the case against the makers, and to sustain this view several cases in Virginia have been relied on. These cases undoubtedly put promissory notes on the same footing with

Mudd's adm'x, *vs.* Harper.

assigned bonds, and deny to an endorser all right of action against the payee, until the remedy against the maker is *completely* exhausted. It does not appear from the report of these cases, whether they were decided in pursuance of some local statute or not, but it is fair to presume they were, because if they were not, they are in opposition to the decisions in England and our sister States, in which (as has been uniformly the case in Maryland,) the right of action of an endorsee is perfect against all the parties on the maturity of the note; that is when demand has been made and notice of non-payment given as required by the *Law Merchant.*

The note in this case was payable on *demand,* and was some four months old when endorsed to the plaintiff's intestate. According to our apprehension, the principles governing it, are very simple and well defined.

The endorsement of a bill *after it becomes due* is equivalent to the act of drawing a bill at sight. *Chitty on Bills,* 242. A promissory note is negotiable as well after as before it becomes due. 4 *Gill,* 331. And where a note or bill is payable on *demand,* they must be presented, or at least put in circulation for that purpose within a reasonable time after they have been received. *Chitty on Bills,* 402.

Except in very particular cases, when it is a mixed question of law and fact, what is *reasonable time* is a question of law.

Now this action was not brought until more than three years and five months after the endorsement, under which plaintiff claims, and the bringing of this suit is the only evidence affecting defendant so far as this court is informed of notice to the endorser, that a demand had ever been made of the makers. There is no evidence in the record of the residence of the makers, but it is admitted by counsel, that all the parties to the note, live in Prince George's county. Under such circumstances it cannot be contended, that a demand was made and notice given within a reasonable time. But it is said the suit brought against the makers, is adequate evidence of a sufficient demand, and of notice within a proper time to the endorser.

We do not concur in this view. It is true, that there are cases in which it is perfectly apparent from the agreement of the parties, or the peculiar circumstances of the case that it was the *intention* of the parties to a note payable on demand, that it should not be presented for payment according to the *Law Merchant*, a longer time will be allowed for the demand and notice, and the cases in 2 *Hall*, 429, and 3 *Wendall*, 75, are of that nature. But the case before us is not of such character. There is nothing in the record which shows the endorsee was relieved from the obligation to make the demand and give notice within a reasonable time. There is nothing to show there was such an agreement, nor that there was anything in the place of residence of the parties to make it either impossible or inconvenient. It has been expressly held that where a note payable on *demand* is negotiated in the ordinary way, without any agreement or understanding among the parties as to the time when it is to be paid, and all the parties reside in the same city, seven months is not a reasonable time. In the case of *Martin vs. Winslow*, 2 *Mason*, 241, Justice Story says: "I have no hesitation in saying that a note payable on *demand* must be demanded within a reasonable time, otherwise the endorser is discharged. What shall constitute a reasonable time is not a matter of absolute certainty, as to which a definite rule can be laid down. It must depend on circumstances. But unless there be circumstances in the case, which account for the delay, a neglect to demand payment of such a note for more than seven months is unreasonable delay, and discharges the endorser. If the fact of such delay for such a length of time appear naked of all circumstances, it is a discharge of the endorser. And the onus to establish any justification or excuse for such delay lies on the plaintiff. It makes no difference in the case, that the endorsement was in lieu of a former security."

But it is said the taking of the note in question suspended all action on the original debt, until the remedy was exhausted against the makers, and as a consequence, the statute of limitations could not begin to run against the original claim

until the return of *nulla bona*, in the case against the makers. It is true that where a note is taken in payment of a precedent debt, the remedy on such debt is suspended until the maturity of the note. *Glenn vs. Smith*, 2 *Gill & John.*, 493. But it is equally true, that when the note becomes due, the holder may, at his election, proceed either on the note or the original cause of action ; and it is also true, that if the endorsee neglects to make the proper demand and give the proper notice to the endorser, (if the latter be the original debtor, but not the original payee,) the right of recovery of the endorsee is gone, both on the note and the original cause of action. The only difference in such case between the endorsement of a note before due, and one payable on demand, is, that in the latter instance, the endorsee has a reasonable time to make the demand after the note comes into his possession ; that is, he is not bound to make it on the day on which he gets possession of the note. But in both cases demand and notice of non-payment are necessary to give the endorsee a right of recovery on the note. 8 *Shipley*, 453. *Colt vs. Barnard*, 18th *Pick.*, 260.  3 *Humphreys*, 171, *and* 2 *Richardson*, 67.

From these views it appears, this court is of opinion, the plaintiff's intestate could, on the very day on which he received the note, have made a demand on the makers, and on their refusal to pay, have given notice to the defendant, and thus have secured to himself the right to have brought suit on the note, or on the original cause of action.

We do not, however, concur with the court below in the instruction given to the jury. The county court, by its direction, decided in effect, that it was the *duty* of the endorsee, on the day he received the note, to have made the demand and given the notice, for they held the statute of limitations commenced to run from that day.

This we think was error, because the endorsee was entitled to a reasonable time after he became possessed of the note to make the demand and to give the notice. But, inasmuch as the plaintiff's right of recovery is barred by the statute,

although we reverse the ruling of the court below, we will not send the case back under a procedendo. See *State use of Johnson vs. Green,* 4 *Gill and Johnson,* 381, *and Berry vs. Harper,* 4 *G. & J.,* 467.

*Judgment reversed and procedendo refused.*