HELEN A. ROBINSON *vs.* JOHN J. PERRY.

Kennebec.    Opinion January 20, 1882.

*Promissory notes.    Set-off.*

In an action by the indorsee of a promissory note indorsed and transferred after it is due, the defendant, the promisor, may file an account which he had against the promisee at the time of the transfer of the note in set-off, as a defence thereto.

ON EXCEPTIONS from superior court.

Assumpsit on a promissory note for fifty dollars, dated March 3, 1874, payable to J. G. Durgin or order six months after date.

The case was tried by the presiding justice without the intervention of a jury, subject to exceptions in matters of law.

The justice found that the note was not indorsed and delivered by Durgin to the plaintiff until February or March, 1876, and the amount then due upon it was fifty-six dollars and fifty-four cents, and that at the same time Durgin was indebted to the defendant on an account, which had been seasonably filed in set-off in this case, in the sum of fifty-seven dollars and forty-five cents ; and the justice ruled as a matter of law that the defendant was entitled to the benefit of the balance due him on the account in set-off in defense of this action although there was never any agreement between Durgin and the defendant that such balance should be appropriated to the payment of the note ; and to this ruling the plaintiff excepted.

*S. S. Brown,* for the plaintiff.

The question here is, what kind of equities are open to the maker of a note where it was transferred to an indorsee, after maturity, who brings the suit? It seems to be confined only to such equities as existed and attached to the paper itself, and not to equities arising out of collateral transactions. *Robinson* v. *Lyman,* 10 Conn. 30; *Steadman* v. *Jillson,* 10 Conn. 55; *Fairchild* v. *Brown,* 11 Conn. 39; Story, Prom. Notes, § 178;

*Oulds* v. *Harrison*, 28 Law and Eq. 524; 1 Daniels, Neg. Instr. § 725; *Burroughs* v. *Moss*, 10 B. and C. 558.

A careful examination of the opinion in *Sargent* v. *Southgate*, 5 Pick. 312, will disclose elements of fact entirely wanting in this, as on p. 316, where the court expressed the opinion that "there can be but little doubt that it [set-off] was in fact paid by the defendant and received by Watson towards payment of the debt." That is, the court there must have found as a fact that the set-off was regarded and treated by the original parties thereto as a payment, and if it was, then it was equity connected with the note, and comes within the rule I am contending for.

*John J. Perry*, the defendant, *pro se.*

LIBBEY, J. The question in this case is whether the defendant's account against the payee of the note in suit, filed in set-off, is admissible as a defence to the action on the note by the plaintiff, an indorser who took it after it was dishonored.

The rule established in England will not allow it. The rule there is that the plaintiff in such cases is liable only to the equities arising out of the note itself, or the consideration for it; or to the allowance of such demands due the maker of the note from the payee as might be found by either express or implied understanding of the parties to have been agreed to be applied in discharge of it. *Burroughs* v. *Mass.* 10 Barn. and Cressw. 558.

The same rule has been held in several of the states where the terms of the statutes regulating set-off, were held not to be broad enough to permit the set-off. In New Hampshire, *Chandler* v. *Drew*, 6 N. H. 469. In Connecticut, *Stedman* v. *Gillson*, 10 Conn. 55; *Robinson* v. *Lyman*, 10 Conn. 30. In New York, *Johnson* v. *Bridge*, 6 Cowen, 693; *Raymond* v. *Wheeler*, 9 Cowen, 295; *Bridge* v. *Johnson*, 5 Wend. 346; *Haxton* v. *Bishop*, 3 Wend. 13; *Driggs* v. *Rockwell*, 11 Wend. 504. In Illinois, *Gregg* v. *James*, 1 Breese, 107. In New York the rule established in the cases cited has been changed by a statutory provision allowing the set-off.

The question received a very full and careful consideration by the court in Massachusetts, in *Sargent* v. *Southgate*, 5 Pick.

312; and it was there held, that where the note in suit was indorsed and transferred to the plaintiff by the payee after it was dishonored, any demand which the maker held against the payee before the transfer, which he had a right to set-off as against the payee, might be set-off in a suit by the plaintiff.

The doctrine of *Sargent* v. *Southgate* has been repeatedly recognized by this court as sound law. *Shirley* v. *Todd*, 9 Maine, 83; *Barney* v. *Norton*, 11 Maine, 350; *Burnham* v. *Tucker*, 18 Maine, 179; *Wood* v. *Warren*, 19 Maine, 23.

It may now be regarded as the settled law of this state.

Our statute regulating set-offs, (R. S., c. 82, § 60,) recognizes the right of set-off as a defence in cases like this, of claims not between the parties to the suit, and provides that, in such case, no judgment shall be recovered against the plaintiff for any balance due the defendant.

*Exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and PETERS, JJ., concurred.