## Federal Hill Steam Ferry Company *vs.* Thomas P. Mariner.

In an action for damages for an obstruction to the plaintiff's business, the defendant proved that the plaintiff had previously sued a third party for damages on account of the *same obstruction*, and recovered a judgment for damages therefor, which judgment *was paid* to the plaintiff by the defendant in that suit. The docket entries of this former judgment show, that the suit was instituted before a justice of the peace, and that his judgment in favor of the plaintiff in that action was *affirmed*, on appeal, by the Court of Common Pleas, and satisfied after execution issued thereon. HELD:

1st. That it was not proper to admit *parol evidence* on the part of the plaintiff in this action, for the purpose of proving that the judgment of affirmance, in' the former suit, was not for the *obstruction*, but for an *arrest* and *false imprisonment*.

2nd. There being nothing in the proceedings of the court, as set forth in the docket entries, tending to show any *amendment*, the judgment of *affirmance* must be construed as sustaining the judgment of the justice, and not as having been rendered upon a totally different cause of action.

3rd. The fact that the defendant gave parol proof that the former judgment was for damages on account of the *same obstruction*, being *consistent* with the judgment, does not authorize the plaintiff, under the pretence of explaining or rebutting such proof, to give evidence varying from and contradictory to the judgment as shown by the docket entries.

4th. The judgment in the former suit being a recovery for damages for the *same obstruction* now in controversy, and that judgment having been satisfied, no *precedendo* will be awarded upon the reversal of the judgment in favor of the plaintiff in this case.

APPEAL from the Court of Common Pleas.

*Trespass on the case,* brought on the 14th of August 1856, by the appellee against the appellant, to recover damages for piling wood and plank across the end of West Falls Avenue, in Baltimore city, and thereby obstructing the business of the plaintiff, who kept several small boats for hire, and transported passengers and freight from the end of said avenue to various points within the harbor of said city. The allegations of the *nar.* are sufficiently stated in the opinion of this court. The defendant pleaded five pleas: 1st. The general issues. 2nd. That the end of said avenue is a wharf, built into the harbor below high water mark, belonging to the Mayor and City Counsel of Baltimore, who authorized the defendant to put

the wood there, and denying that any plank were put there. 3rd. Denies any obstruction, and avers that the wood was so piled as to allow sufficient space for the plaintiff's passengers and freight. 4th. That the wrongs complained of were done by the defendant and one James Worthington, whom the plaintiff sued and recovered $50 damages therefor, before a justice of the peace, which judgment was affirmed, on appeal, by the Court of Common Pleas, and has been paid to the plaintiff. 5th. That the defendant was chartered by the State for a steam ferry within the harbour, and, under that authority, it had established a ferry from the foot of West Falls avenue to Federal Hill, and that the plaintiff was, at the time of the wrongs complained of, carrying on a ferry between the same points, without a license, to the injury of the defendant's traffic, and that the acts complained of were done by the defendant to arrest said injury and such unlawful business.

Issues were joined on the first four pleas, and the plaintiff demurred to the fifth, which demurrer the court (MARSHALL, J.) sustained. In the course of the trial upon the issues of fact, five exceptions were taken by the defendant. It is not necessary to state these exceptions at length, inasmuch as this court reversed the judgment upon the rulings in the *third* and *fourth* exceptions, (which, with the other facts of the case necessary to an understanding of the opinion of this court, are sufficiently stated therein,) and refused a *procedendo* upon the ground that the recovery of damages for the same obstruction, obtained by the plaintiff in his suit against Worthington, and satisfaction of that judgment for such damages, was a bar to the present suit.

The verdict and judgment were in favor of the plaintiff for $25 damages, and the defendant appealed. The principal question discussed in this court on the part of the appellant, and, to some extent, by the appellee, and which was raised by various prayers, and by the fifth plea, and the demurrer thereto, was, whether the business of the plaintiff, in carrying on a ferry between the points stated, without a license, was lawful or not? As this question was not decided by the court, the arguments upon it are omitted.

The cause was argued before LE GRAND, C. J., ECCLESTON, TUCK and BARTOL, J.

*Geo. H. Williams*, for the appellant, argued, that it was error in the court below to admit the evidence offered in the third and fourth exceptions, to vary, contradict, or explain the record entries of the judgments in the case of *Mariner vs. Worthington*, given in evidence by the defendant, and there was also error in the refusal of the defendant's *sixth* and *seventh* prayers, which put it to the jury that there could not be a double recovery for the same *tort*, and that there could not be another recovery for the same *tort* after the payment and satisfaction of a judgment obtained therefor. 11 *G. & J.*, 182, *Garrott vs. Johnson.*

*I. N. Steele*, for the appellee, argued, that the witness Worthington, having stated in his examination-in-chief that the judgment against him was, he believed, given because he leased the wharf, &c., and "that the same evidence was given in the suit against him that was given in this case," it was clearly competent, on cross-examination, to ask him what evidence was offered in that suit, and the plaintiff had also the right to contradict this proof by showing that other and different evidence was given in that suit, and the testimony of Reynolds, in the fourth exception, and the evidence objected to in the third exception, was therefore admissible. Nor was there any error in rejecting the *sixth* and *seventh* prayers, because these prayers sought to make the recovery against Worthington a bar to the plaintiff's recovery in this action if the suit against Worthington was brought originally for the same obstruction now sued for, although it is expressly proved that evidence was given at the trial of that cause, of the arrest and imprisonment of the plaintiff by direction of Worthington, and that the judge of the Court of Common Pleas, when it was proposed to amend the cause of action so as to make it a claim for damages for arrest and imprisonment, said the case might go on and he would consider the amendment as made. In this view, also, it was proper to admit the evidence in the

third and fourth exception.   11 *G. & J.*, 173, *Garrott vs. Johnson*.   2 *Md. Ch. Dec.*, 178, *Hughes vs. Jones*.

ECCLESTON, J., delivered the opinion of this court.

This is an action on the case instituted by the appellee against the appellant, in the Court of Common Pleas for Baltimore city.   The object of the suit is to recover damages for obstructions to the business of the appellee by the appellant.

The nature of the claim as presented in the *nar.* is, that the plaintiff, at the time of the injury, was, and for several years before had been, the owner of ten small row boats, which were kept by him for hire, at the foot of West Falls Avenue, a public highway in the city of Baltimore, and used and employed by him in hiring the same, and in transporting passengers, and carrying freight from the foot of said avenue to various points and sundry places within and about the harbor of the said city, and were so hired, used and employed by him during the time or period aforesaid; and that the defendant, did put, place and pile a large quantity of wood and certain pieces of plank, upon and across the said avenue, near to the foot thereof and near to the said harbor, and did thereby, and by other ways and means, barricade and obstruct the said avenue at the place aforesaid; which said barricade and obstruction remained upon and across the said avenue for a long time, to wit, one month; by reason of which passengers were prevented from having access, and persons prevented from hiring and carrying freights to, and using the said boats of the plaintiff, during the period last aforesaid, and the business of the said plaintiff in hiring his said boats and in transporting passengers, and carrying freight within and about the said harbor, was, during the said last period, discontinued, destroyed and broken up, and the plaintiff damaged and injured in his said business to a large amount, to wit, five hundred dollars.

T e defendant pleaded five pleas, four of which resulted in issues of fact, and to the fifth a demurrer was filed.

The court ruled the demurrer good, and upon trial of the

issues of fact, a verdict of $25 damages being rendered in favor of the plaintiff, the defendant appealed.

In the *third* bill of exceptions, among other proof, is contained evidence offered by the defendant, for the purpose of proving that this plaintiff had sued James Worthington and recovered a judgment against him for damages for the same obstruction on which this suit is based; and that the damages for which that judgment was rendered had been paid to the plaintiff by the defendant in that suit. The said Worthington was examined as a witness, in the present case, for the now defendant. Among other things, he stated, "that the same evidence was given in the former suit, with the exception of one Smith, as had been given in this, and for the same obstruction."

On cross-examination of this witness, the plaintiff's counsel asked if in the suit against him referred to, there was not evidence offered that the plaintiff had been arrested and imprisoned by the direction of the witness? To this question the defendant objected, but the court overruled the objection, holding the question proper to be answered. And the witness then stated, "that at the said trial there was evidence given to show that the police officers, making the arrest, had been sent there to act under his authority, and a police officer stated he supposed himself acting under his order in making the arrest." To which the now defendant excepted.

In the *fourth* exception it appears the plaintiff asked the witness, L. M. Reynolds, "to state what was the evidence at the former trial between Mariner and Worthington, which question was objected to by the now defendant, but the court overruled the objection and allowed the question, upon the ground that parol testimony having been given by defendant to connect the judgment in that case, with the obstruction complained of here, evidence may be given to explain or rebut the same." The witness then stated that he did not recollect the whole evidence, nor the exact words; that he had tried the case in court, but not before the magistrate. He then proceeded to give his recollection of the evidence at the trial of the case in court, from whose statement it appears to

have been there proved, that the officers were sent to the end of West Falls Avenue, to support the authority of Worthington, who was the Harbor Master, and who directed the wood to be put upon the wharf logs at the end of the wharf; that the police officers acted under the orders of Worthington; that the police officers testified that in making the arrest they supposed themselves acting under orders of Worthington, and would not have arrested Mariner by orders of a private individual. To all which the now defendant objected, upon the ground that the purpose for which it was offered was inadmissible, and because the witness professed that he could not recollect the whole of the evidence nor the exact words of the witnesses. The objection being overruled the defendant excepted to the ruling of the court in relation to the question asked by the plaintiff, and also in regard to the evidence in reply thereto.

In the *fifth* bill of exceptions it is said: "the plaintiff proved, by the said Reynolds, that at the trial of the case against Worthington, the court said he had mistaken his cause of action, whereupon he proposed to amend by an action of arrest and false imprisonment, when the judge said he might go on and the amendment would be considered made.

The *fifth* exception then contains thirteen prayers offered by the defendant, and one asked by the plaintiff.

It will be seen that the third and fourth bills of exceptions present questions in regard to the admissibility of evidence, to show what proof was given in the cause between Mariner and Worthington. That was a suit originating before a justice of the peace, from whose judgment an appeal was taken to the Court of Common Pleas. It appears from an account, filed with the justice, the plaintiff's claim was $50 damages, "for obstructing Liffy street, alias West Falls Avenue." Upon this claim the justice was requested to issue, and, in compliance with that request, he issued a summons for Worthington to answer unto Mariner "in a plea of damages."

From the entries of the justice, as stated in the *second* ex-

ception, it appears the process was served, that the parties appeared and proceeded to trial, and judgment was given by the justice, "in favor of the plaintiff for $50 debt and $10.78 cents cost, with interest until paid.'" From this judgment Worthington appealed to the Court of Common Pleas. The proceedings on the appeal, as set forth in the second exexception, show that the appellate court affirmed the judgment, on which a *fi. fa.* was issued and finally entered "satisfied, order of appellee's att'y, f'd."

It was not denied that the suit before the justice was brought to recover damages for the same obstruction on account of which the present action was instituted. Moreover, the evidence establishes the fact that the two suits were based upon the same obstruction, that being the foundation of the justice's judgment. And, according to the written evidence furnished by the entries from the Court of Common Pleas, that judgment was affirmed. Under these circumstances it was not proper to admit parol evidence, for the purpose of proving that the judgment of affirmance was not for the obstruction, but for an arrest and false imprisonment.

It has been insisted by the appellee's counsel that he had the right to offer such proof, because evidence had been given in this case to show that, at the trial of the appeal before the Court of Common Pleas, it was suggested by the court that the plaintiff's counsel had mistaken his cause of action; whereupon the counsel "proposed to amend by an action of arrest and false imprisonment, when the *judge said he might go on and the amendment would be considered made.*" But there is nothing in the proceedings of the court, as set forth in the entries, even tending to show any amendment whatever. On the contrary, quite the reverse, for the judgment of the justice was *affirmed.* Was it proper that a judgment of affirmance should have been given, if the amendment alluded to had been made? Believing it would not, we think the judgment of affirmance should be construed as sustaining the judgment of the justice, and not as having been rendered upon a totally different cause of action.

The appellant having given parol evidence to prove that

the judgment against Worthington was for damages on account of the same obstruction complained of in this suit, it has been contended that the plaintiff was authorized to offer parol proof to explain or rebut that given by the present appellant. But the difference between the two consists in the former being consistent with the nature of the judgment before the justice and the affirmance thereof, whilst the latter offer proposes to give evidence varying from, and contradictory to, those judgments, as they appear from the written evidence of the proceedings, in relation to them, furnished by the entries from the justice and from the Court of Common Pleas.

From the views expressed, it will be seen, we think, the court below erred in the rulings in the third and fourth bills of exceptions, and, therefore, the judgment must be reversed.

The judgment obtained by Mariner against Worthington, being considered by us a recovery of damages for the same obstruction now in controversy, and that judgment having been satisfied, no *precedendo* will be awarded in this case. This being so, no opinion need be expressed in regard to the other questions presented by the record.

<em>Judgment reversed without a procedendo.</em>

(Decided April 11th, 1860.)