Solomon Deutsch and William Deutsch, use of Simon Kanders *vs.* James Bond.

*Statute of Frauds—Collateral undertaking to pay the debt of another—Case of reversal of judgment without awarding a new trial.*

D. & Co. sued B. upon the following agreement signed by B. and others, but not under seal.  "We the undersigned take pleasure in recommending S. to D. & Co.  We also severally agree to become responsible for $350 to said D. & Co. to be forthcoming in thirty days after the final delivery of the work."  HELD:

1st. That the consideration for this guaranty could not be collected, or implied with *certainty* from the *instrument itself* without recourse to parol proof, or to other papers unconnected with it save by such proof.

2nd. That parol testimony for the purpose of showing that the guaranty did refer to a contract between S. and D. & Co., and thus make out a consideration for it, was wholly inadmissible if objected to.

3rd. That such testimony having been introduced in the Court below *without objection*, an instruction by the Court below, that the guaranty was not sufficient to bind the defendant for want of a consideration, was wrong, and the judgment of that Court must be reversed; but,

4th. That inasmuch as it was apparent, that upon a new trial this testimony would be rejected, and there appeared to be no other possible ground on which the plaintiffs could recover, no new trial would be awarded, without good cause shown in a special application therefor by the plaintiffs' counsel.

The cases of *Nabb vs. Koontz*, 17 *Md.*, 283, and of *Mitchell vs. McCleary*, 42 *Md.*, 374, distinguished from the cases of *Hutton vs. Padgett*, 26 *Md.*, 228, and *Frank vs. Miller*, 38 *Md.*, 450.

APPEAL from the Court of Common Pleas.

The case is stated in the opinion of the Court.

*Exception.*—At the trial the plaintiffs offered the following prayer:

1. If the jury shall believe from the evidence, that the contract in writing offered and admitted in evidence between Deutsch & Co. and George W. Simpson, was performed in accordance with the various provisions therein contained as testified to by plaintiffs' witness, Wm. Deutsch, and that 300 copies of said work entitled, "Female Instructor and Guide to Health," were delivered and accepted by said Simpson, and that the balance remain subject to the order of said Simpson in the possession of the plaintiffs, at the request of said Simpson, and that shortly after the signing of said contract as testified to by said Deutsch, a paper-writing in evidence signed by the defendant, was handed, and in compliance of said contract made with said Simpson, and that said defendant did sign the said paper-writing, together with the other persons whose signatures are thereto attached, and that the said Simpson is insolvent, then their verdict shall be for the plaintiffs, upon the responsibility incurred by the said defendant by said paper-writing, to the amount of the balance due, with interest, for the printing of said work, "Female Instructor and Guide to Health."

And the defendant offered the three following prayers which were rejected also.

1. That upon the evidence the plaintiffs are not entitled to recover, because no liability attached to the defendant, by the instrument of writing or guaranty offered in evidence, there being no sufficient consideration mentioned in said instrument of writing.

2. That there is no evidence in the cause from which the jury can find that the work was delivered, and that it was not paid for within thirty days of its delivery and before the institution of this suit, and they must find for the defendant.

3. That if from the evidence, the jury shall believe that Bond signed the paper offered in evidence, with the express understanding that the number of signers should be twenty, as indicated upon the paper by the numerals, and that the paper was in its present condition (except the interlinings) shown to Wm. Deutsch, one of the firm, by Simpson, for the purpose of informing him of his progress in getting signatures, and it was then understood by said Deutsch, that said Simpson's original intention was to procure twenty names to the paper, then that was sufficient to put Deutsch upon inquiry, and if they shall find also, that said Deutsch by his voluntary act caused said Simpson to cease his endeavors to procure signatures to the paper, and took into his possession the said paper without the knowledge or consent of said Bond, then the plaintiffs are not entitled to recover, and they must find for the defendant.

The Court, (GAREY, J.,) refused the plaintiffs' prayer and all the defendant's prayers, and granted the following instruction in lieu of the defendant's first prayer.

"The Court instructs the jury that the paper-writing given in evidence, for the purpose of holding the defendant as a maker thereof, is not sufficient for that purpose, for want of a consideration expressed therein, and that

the plaintiffs cannot recover in this action." The plaintiffs excepted.

The jury rendered a verdict for the defendant and judgment was entered accordingly. The plaintiffs appealed.

The cause was argued before BARTOL, C. J., STEWART, GRASON and MILLER, J.

*Rufus W. Applegarth,* for the appellants.

The original debt having been founded upon a good consideration, and the guaranty given before the work was undertaken or the debt incurred, and having been the inducement for performing the work, then the consideration for the original contract is a consideration also for the guaranty, and is not necessary that it should be stated in express terms in the guaranty. *Nabb vs. Koontz,* 17 *Md.*, 283, and the case there cited.

The paper-writing "Exhibit, No. 2," is a sufficient promise in writing under the Statute of Frauds, the consideration therefore appearing by necessary inference, which is all that is required. The agreement of the defendant to be responsible to the plaintiffs for $350, in thirty days after the final delivery of the work, the consideration for which, the delivery of the work, may be fairly inferred to sustain the guaranty, and the Court was therefore in error in instructing the jury, that the plaintiff could not recover for the want of a consideration expressed in the written guaranty. *Hutton vs. Padgett, et al.*, 26 *Md.*, 228, and the case there cited. See also *Mitchell vs. McCleary*, 42 *Md.*, 374, where in a similar case the Court say, page 377, "It is conceded, that the fact that there is no direct consideration set out in the guaranty is covered by the decision in *Nabb vs. Koontz*, 17 *Md.*, 283."

*Ed. B. Bates,* for the appellee.

MILLER, J., delivered the opinion of the Court.

The appellants sued the appellee upon the following agreement signed by him and others, but not under seal.

" We, the undersigned, take pleasure in recommending G. W. Simpson, M. D., to Deutsch & Co. We also severally agree to become responsible for three hundred and fifty dollars to said Deutsch & Co., to be forthcoming in thirty days after the final delivery of the work."

The Court instructed the jury that this instrument was not sufficient to bind the defendant, for want of a consideration expressed therein, and that the plaintiffs could not therefore recover in this action.

It appears from the record, that Doctor Simpson, and the plaintiffs, Deutsch & Co., who were printers, entered into a written contract, by which the latter, in consideration of $400, to be paid them by the former, agreed to furnish him one thousand copies of the work, entitled " Female Instructor and Guide to Health," of which he was the author, and he agreed to pay them this sum within thirty days after completion of the sheets of this book, and to that end, for their further security, " gives them," (as the contract expresses it,) " a written guaranty signed by a number of responsible parties to the amount of $350," and it is contended that the consideration for this contract, is a consideration also for the guaranty on which this suit is brought. Such may have been the intention of the parties, but the question is, has that intention been carried out in the mode which the law imperatively requires? In *Hutton vs. Padgett*, 26 *Md.*, 228, this Court re-affirmed what had been established by other decisions in this State, and what has been the settled law in England, ever since the case of *Wain vs. Walters*, 5 *East*, 10, " that to bind a party upon a collateral promise to answer for the debt or default of another, it is necessary, under the Statute of Frauds, that the consideration as well as the promise should appear from the writing." They also add, what is

equally well settled, that it is not necessary the consideration should be stated in express terms, but it is sufficient if it can be collected or implied, "with *certainty* from the *instrument itself*." And in *Frank vs. Miller*, 38 *Md.*, 450, it was also said to be the settled law that in such a case reference could not be had to other papers or writings unconnected with the guaranty, and which could not be connected with it, except by the aid of parol proof, and that to allow the connection to be made out by such proof, "would be an evasion of the Statute, and would open the door to the very mischiefs the Statute was intended to prevent." But it has been earnestly argued that the case of *Nabb vs. Koontz*, 17 *Md.*, 283, sustains the position taken by the appellants' counsel. That case, however, was referred to in *Hutton vs. Padgett*, in support of both propositions, which the Court there affirm. It was a case where a guaranty, by a third party, was written *upon* a promissory note at the *same time* that the note itself was executed and delivered to the payee, and was in these terms: "I hereby guarantee the payment of the *above note* of Elizabeth D. Nabb, on maturity." It was in view of that state of facts, that the Court said, "where the written promise of the principal debtor sets forth or imparts a consideration, and the undertaking of the guarantor *refers to the original indebtedness*, and is made and delivered to the creditor at the same time, this objection under the Statute of Frauds does not apply, and the guaranty is good." All the authorities cited in support of that proposition, were cases almost identical with the one then before the Court, where absolute guaranties had been endorsed on notes contemporaneously with their execution, and where both instruments taken together made but one transaction and one contract, thus making it clear that the consideration which upheld the one might be taken to support the other, and that such consideration could be made out with certainty from the face of the instrument itself, without any aid from

parol proof, and thereby making a case where the plaintiff could proceed in his action, without any resort to such proof, further than to show identity of time. We have examined that case with care, as the opinion is a very able one, evidently prepared after much consideration, and we entirely approve the doctrine it announces and establishes, but we are satisfied it is not in the slightest degree in conflict with the decisions in *Hutton vs. Padgett*, and *Frank vs. Miller*. So far from that, the Court say they would not disturb the case of *Aldridge vs. Turner*, 1 *G. & J.*, 427, where the guaranty was written on the note itself, but point out the difference between that case and the one they were considering, viz., that in *Aldridge vs. Turner*, it did not appear at *what time* the guaranty was written on the note, and the pleadings indicate it was done *after* the note had been made and delivered to the plaintiffs. The case of *Mitchell vs. McCleary*, 42 *Md.*, 374, was similar to that of *Nabb vs. Koontz*, and was decided upon the authority of the latter. There the guaranty on its face, refers in explicit terms to the lease, and sufficiently indicates that it was written upon, and as part of it, but this latter fact, (though not expressly so stated in the report,) was more clearly shown in the pleadings which admit the guaranty was in truth a *part of the lease*, and was executed prior thereto, and as a condition precedent to the making of the lease. And it thus appears that, in this respect, that instrument was drawn in conformity with the usual practice in this State, where security is exacted by the lessor for payment of the rent.

The present case must, therefore, be tested by the uncontroverted law of Maryland, as stated in the two first cases to which we have referred. Can the consideration for this guaranty be collected or implied with *certainty* from the *instrument itself*, without recourse to parol proof, or to other papers unconnected with it, save by such proof? We are all clearly of opinion, this question must receive

Deutsch, *et al.*, use of Kanders *vs.* Bond.

a negative answer. The alleged guaranty was not attached to, endorsed on, or otherwise by direct reference on its face, made part of the contract to which it is supposed to refer ; and it seems to us quite impossible, for any one reading it by itself, to say that it distinctly, definitely and certainly refers to this contract, and the work to be done under it. It nowhere mentions this contract, and what " the work " is which it does mention, no one can tell with certainty without aid from the oral testimony of witnesses. This difficulty was in fact so apparent to the plaintiffs in the trial of the case, that they introduced such testimony for the very purpose of showing that the guaranty did refer to the contract, and in this way to make out a consideration for it. Such testimony was wholly inadmissible, but it appears by the record to have been admitted, and received without objection. If it had been objected to and excluded, the Court's instruction would have been entirely correct, but it was. we think erroneous, in view of the testimony so admitted, and for that reason the judgment in favor of the defendant must be reversed. But it is apparent from what we now decide that upon another trial this testimony will be rejected, and as we can see no other possible ground on which the plaintiffs can recover, we shall reverse the judgment, and not award a new trial, without good cause shown in a special application therefor by the appellants' counsel.

*Judgment reversed.*

(Decided 1st March, 1877.)