This case came first to this Court upon an appeal by the Baltimore and Ohio Railroad Company from a judgment entered against it in the Circuit Court for Allegany County in favor of David Branson. The Court on May 17, 1916, affirmed the judgment.B. O.R.R. Co. v. Branson, 128 Md. 678. The case was then taken by the Baltimore and Ohio Railroad Company upon writ of error to the Supreme Court of the United States and that Court reversed the judgment and remanded the cause to this Court for further proceedings. The Supreme Court filed no opinion, but contented itself by entering upon its records the following notation, viz: "Judgment reversed, with costs upon the authority of Delaware, Lackawanna Western R.R. Co. v. Yurkonis,238 U.S. 439; Shanks v. Delaware, Lackawana Western R.R. Co.,239 U.S. 556; Chicago, Burlington Quincy R.R. Co. v.Harrington, 241 U.S. 177-180; Minneapolis St. Louis R.R.Co. v. Winters, (ante p)."* The mandate from that Court was received and filed in this Court on March 22, 1917.
The plaintiff below (David Branson) filed an application in this Court asking that the case be remanded to the Circuit Court for Allegany County for retrial upon an amended declaration. This application was overruled by this Court by an order dated May 9th, 1917. The object of this memorandum is to state briefly the reason for denying the motion. The suit was brought under the Federal Employers' Liability Act, approved April 22, 1908.[8224]
That Act created a new *Page 688 
cause of action, and in all cases falling within its provisions it furnishes an exclusive remedy and supersedes the State laws.Second Employers' Liability cases, 223 U.S. 1; St. Louis, SanFrancisco and Texas Ry. Co. v. Seale, 229 U.S. 156; Taylor
v. Taylor, 232 U.S. 363.
In view of the authorities cited by the Supreme Court, it may be supposed that the judgment was reversed solely upon the ground that Branson was not employed in Interstate Commerce at the time he suffered the injury sued for. In cases not covered by the Act, the Common Law Liability of the common carrier by rail continues, and an action based upon common principles may be maintained against it upon proof of actionable negligence. The plaintiff did not incorporate in his declaration a count charging a common law liability, but elected to rely for recovery upon the Act. It is now definitely determined that he has no case under the Act, and the Court was asked to remand the case in order that by amendment the cause of action upon which the case was tried, and finally determined adversely to the plaintiff, might be changed into a common law action to enforce a common law liability. This would be by an amendment of the pleadings the introduction of a new or different cause of action. The injury complained of was suffered by the plaintiff about four years ago.
It appears, so far as we are advised by the record in this case, that the plaintiff could not by amendment state a cause of action which would not be in effect the commencement of a new suit, which would be barred by limitations. Spencer v. B. O.R.R. Co., 126 Md. 194; Hogarty v. Phila. R. Ry., 99 Atlantic, 741; Seaboard Air Line Ry. Co. v. Renn,241 U.S. 290.
In such a situation, we followed the usual practice, and denied the motion to remand the case. This, however, does not prevent the bringing of a new suit, if the plaintiff desires to do so.
* B. O.R.R. Co. v. Winters, 242 U.S. 623, 624.
[8224] Stat. at Large, 65; ch. 149, U.S. Comp. Stat. Supp. 1909, p. 1171. *Page 689