## HANNAH A. ROSS *vs.* PRATT D. PHILLIPS ET AL.

*Adverse Possession—As Between Cotenants—Ouster—Estoppel of Cotenant—Appeal—Reversal Without New Trial.*

Possession by one cotenant is, in contemplation of law, possession by the other also, and it is necessary to prove an actual ouster to rebut this presumption and establish adverse possession in the one.  p. 167

That one cotenant has been in sole possession of the land and enjoyment of the profits for twenty years does not take away the other cotenant's right in the land, unless he was actually put out, or his title in common uniformly denied.  p. 167

While the ouster of one cotenant by the other need not be accompanied by positive force, it must be actual and established by acts or declarations brought home to the knowledge of the cotenant.  p. 167

The burden of establishing ouster of one cotenant by the other is on the party alleging it.  p. 167

The occasional cutting of firewood by one cotenant, *held* not an act antagonistic to the latter's rights, so as to constitute an ouster.  p. 168

While evidence of the payment of taxes by one cotenant is as a rule admissible in connection with evidence of acts of ouster, such payment does not alone amount to an ouster. p. 168

That one, having made a contract with one only of two co-tenants of land, for the privilege of cutting all the timber growing thereon, actually cut all the merchantable timber, might constitute a trespass by the person so cutting the timber as against the rights of the other cotenant, not consenting thereto. . p. 168

A cotenant of land *held* estopped to assert a trespass as against one who cut the timber on the land under authority of a contract made by the other cotenant alone, the first named co-tenant having, by his authorized representative, gone on the land at the commencement of the cutting and, without objecting thereto, merely asserted a right to part of the proceeds of the contract. p. 168

Although the action of the lower court in directing a verdict for defendants was erroneous, *held* that, on reversing the judgment, a new trial should not be awarded, when the adjudication in another suit would prevent any verdict other than that already entered. p. 169

*Decided April 16th, 1925.*

Appeal from the Circuit Court for Wicomico County (PAT-TISON, C. J., and BAILEY, JJ.).

Action by Hannah A. Ross against Pratt D. Phillips and others. From a judgment for defendants, plaintiff appeals. Reversed.

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, PARKE, and WALSH, JJ.

*Benjamin A. Johnson,* with whom were *Charles E. Shep-pard* and *Long & Johnson* on the brief, for the appellant.

*Woodcock & Webb* and *Miles, Bailey & Miles,* submitting on brief, for the appellees.

BOND, C. J., delivered the opinion of the Court.

This case grows out of the same controversy as that just considered in the case of *Pratt D. Phillips and others v. Jacob E. Taylor and Hannah A. Ross*. It is an appeal by Mrs. Ross from a verdict and judgment against her by direction of the court, in her suit against Phillips & Brother for trespass in going upon the land in which she claims a half interest and cutting the timber from it under a contract with Jacob E. Taylor alone. The evidence bearing on the whole controversy is to some extent divided between the records in the two cases; and there is in this record evidence that Taylor has for the last twenty-eight or twenty-nine years cut his firewood from this woodland tract, and has paid all taxes on it. As a consequence of these facts, it was contended, Taylor acquired sole ownership by adverse possession even if Mrs. Ross did inherit a one-half interest. We have already decided that the property was not included in the devise to Taylor in the will of Isabella Taylor, the mother; and the evidence seems to us insufficient to support the contention that Jacob E. Taylor has since acquired title by possession adverse to his sister's ownership? Possession by one such co-tenant is, in contemplation of law, possession by the other also, and it is necessary to prove an actual ouster to rebut this presumption and establish adverse possession in the one. *Israel v. Israel*, 30 Md. 120, 125; *Hammond v. Morrison*, 33 Md. 95, 101; *Hogan v. McMahon*, 115 Md. 195, 200; *Meyers v. Loan & Sav. Assn.*, 139 Md. 607, 615. Even though one tenant may have been in sole possession of the land and enjoyment of the profits for more than twenty years, this does not take away the other's right unless he was actually put out, or his title in common uniformly denied. *Lloyd v. Gordon*, 2 H. & McH. 254, 260. And while the ouster need not have been accompanied by positive force, it must have been actual, and be established by acts or declarations brought home to the knowledge of the cotenant. *Van Bibber v. Frazier*, 17 Md. 436, 451. The burden of establishing it is on the party alleging the ouster. *Van Bibber v. Frazier, supra*. The cutting of fire wood testified to here was only occasional,

and there is no reason to suppose it may have come to the notice of the sister; and no reason, we think, to hold that it was an act antagonistic to the sister's joint rights. And as to the payment of taxes by Taylor, while, as a rule, evidence of the fact is admissible in connection with evidence of acts of ouster, it is generally held that whatever obligations it may place upon the cotenant, it does not alone amount to ouster. *Wilson v. Bradeen,* 56 W. Va. 372; *Chastaing v. Chastaing,* 141 Ala. 451; *Freeman on Cotenancy,* sec. 239. In our opinion, therefore, the appellant was a co-heir of the woodland tract with her brother, and her interest as such has not been destroyed by adverse possession of her brother.

Can Mrs. Ross, then, maintain an action of trespass for injury to her interest in the land and timber. The contract was for cutting "all the growing timber and wood of every kind and description," and the evidence is that all the merchantable lumber was cut off; and this might be taken as sufficient to constitute a trespass against the rights of a cotenant who did not consent to it. See authorities collected in 13 *Ann. cases,* 307, and 2 *A. L. R.* 986, 993. It has been observed in the interpleader case of *Phillips v. Taylor, supra,* that when Mrs. Ross' duly constituted attorney went on the land at the beginning of the cutting, to protect her interests, he made no objection to having the timber, or any part of it, cut off the tract, but, on the contrary, gave warning to the contractors that Mrs. Ross claimed a half interest in the timber and in the proceeds of the sale of it, and that the contractors would at their peril pay more than half to Taylor. As has been said, we think this estopped Mrs. Ross from later disavowing the act of her cotenant and pursuing the contractors as trespassers.

All the evidence of the facts which result in this estoppel, however, is contained in the record of the interpleader suit, and none of it was produced in this case. On the record before the court there was no estoppel, and no defense to the suit for trespass, once it was determined that Mrs. Ross owned a half interest in the property. The action of the court below in directing a verdict for the defendants on the

evidence before it was, therefore, in our opinion, erroneous. But as on a retrial the adjudication in the interpleader suit, against the rights of the plaintiff to disavow the contract and proceed in opposition to it, would prevent any other verdict than that already entered against her, we have concluded that the judgment below should be reversed, but that no new trial should be awarded. *Steam Ferry Co. v. Mariner,* 15 Md. 224, 231; *Mudd v. Harper,* 1 Md. 110, 115; *Stewart v. Spedden,* 5 Md. 433, 450; *McCann v. Sloan,* 25 Md. 575, 588; *Deutsch v. Bond,* 46 Md. 164.

The record presents twelve exceptions by the appellant to rulings on the admissibility of evidence, but none of the rulings affected the grounds which, as we see it, are decisive of the case, and therefore, discussion of them would be profitless. We find no reversible error in them.

> *Judgment reversed without a new trial, with costs to appellees.*