## ELIZABETH M. HART *v.* JESSIE M. VOGEL, EXECUTRIX.

### [No. 2, April Term, 1930.]

*Decided May 15th, 1930.*

The cause was argued before BOND, C. J., URNER, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*William H. Hudgins,* for the appellant.

*Enos S. Stockbridge,* with whom were *Mullikin, Stockbridge & Waters* on the brief, for the appellee.

Bond, C. J., delivered the opinion of the Court.

The appellant, as plaintiff, sued in trover for a wrongful conversion by the appellee's decedent, Fred A. Vogel, of shares of stock in four corporations, the certificates for which had been delivered by her to him endorsed in blank; and the single question urged is one of the legal sufficiency of her evidence to prove the wrongful conversion. A verdict against her contentions was rendered under an instruction of the court because of insufficiency of the evidence. The statutory provision for excluding testimony by a party in such a suit against an executrix, Code, art. 35, sec. 3, necessarily resulted in excluding, upon objection made, much testimony by the appellant of transactions had with the decedent or statements made by him. But some of her testimony on transactions with him was given without objection, and there is a scant margin to be measured for possible grounds for the requisite findings of fact.

She gave testimony that the decedent, a close friend of former years, called at a shop kept by her in Boston, eleven years after she had last seen him, and said he wanted to talk to her, that she invited him into the shop, and after the talk went with him to her safe deposit box, and took from it the stock certificates mentioned, which she owned and which were in her name, but had already been endorsed in blank for borrowings for her business in the past; and that she delivered them to Vogel. He took them away with him, and she had not had them in her possession since. There was further testimony that the shares were afterwards sold by the Equitable Trust Company of New York, upon Vogel's instructions, and the proceeds of sale credited to his account. And the plaintiff testified that she did not authorize the Equitable Trust Company to sell the shares, did not know of the sale when made, never thought of their being sold, and that no accounting of the sale was ever made to her by the trust company or by Vogel. She referred to a letter as having contained a demand upon Vogel for the return of the securities, but when produced it was found to contain no

demand. It stated that the removal of the securities had caused her some worry, but added that it was, of course, not the fault of Vogel, and she merely needed his advice.

Accepting it as true that the appellant owned the securities, took them out of her box, and delivered them to Vogel, endorsed as they were, it is to be inferred that she delivered them for some purpose other than that of safe keeping for her. But exactly what that purpose was is not testified to. A conversion might be found from a mere showing that the sale with the appropriation of the proceeds to Vogel's own account was excluded from the purposes and from the authority given. *Levi v. Booth,* 58 Md. 305; *Thomson v. Gortner,* 73 Md. 474; *Taliaferro v. First Nat. Bank,* 71 Md. 200; *Jenkins v. Continental Trust Co.,* 150 Md. 416. But the only testimony to be considered as possibly showing such an exclusion seems to be that of the plaintiff that she never thought of the securities being sold. But that seems to us to fall short of supporting an adjudication that the authorized uses for which she did deliver the stock to Vogel did not include converting them into money and using the money for himself. It is suggested that a letter of inquiry written by the plaintiff's counsel may add hearsay testimony on this point. The letter was written to the Equitable Trust Company, and asked for information on the disposition of the securities, and in explanation of the inquiry stated to the trust company, "We represent Miss Hart who intrusted to Fred A. Vogel" the shares specified. It was one of two letters of inquiry admitted without objection for a purpose not explained. Obviously the explanation quoted is no more than an attorney's statement of a contention. It was not received below as testimony to the purpose in delivering the securities, and has not been considered by the parties here as affording such testimony. And we think that if rated as testimony it would be too indefinite to support the supposed limitation on Vogel's authority and use of the securities given him. These fragments of testimony—if they should both be regarded as testimony, and now held to have proba-

tive value—would be excluded upon objections on a retrial, and in view of that the court should not be astute to hold them legally sufficient, and necessitating the retrial. See *Deutsch v. Bond,* 46 Md. 164, 171; *Balto. & O. R. Co. v. Branson,* 131 Md. 686, 688; *Ross v. Phillips,* 148 Md. 165, 169.

*Judgment affirmed, with costs to the appellee.*