## MARYLAND CASUALTY COMPANY *v.* CHARLES WOLFF

[No. 30, January Term, 1942.]

*Decided April 22, 1942.*

514

The cause was argued before BOND, C. J., SLOAN, DELAPLAINE, COLLINS, FORSYTHE, and MARBURY, JJ.

*Robert E. Coughlan, Jr.,* with whom were *Fred W. Pausch* and *Grafton D. Rogers* on the brief, for the appellant.

*G. C. A. Anderson,* with whom were *H. J. Wolfinger* and *Carman, Tucker & Anderson* on the brief, for the appellee.

BOND, C. J., delivered the opinion of the Court.

This suit, in trover, instituted in 1940, is founded upon assistance given by the defendant, Wolff, the keeper of a grill or restaurant, in what proved to be a theft of the funds of the Fidelity and Guaranty Fire Corporation by one of its employees. The Maryland Casualty Company, the plaintiff, had, in compliance with its bond issued to the Fidelity Corporation, paid the loss and received an assignment of claims over. Appealing from a judgment for the defendant, after a trial before the court without a jury, that plaintiff disputes the correctness of instructions or declarations of law granted the defendant on the two questions of the finding of a conversion and of the application of the statute of limitations to losses of amounts taken three years or more before institution of the suit.

John J. Joyce, the defaulting employee, was charged with the duty of preparing and approving requisitions for money due from the corporation to its agents and brokers in the field. The treasurer or assistant treasurer would regularly approve a requisition so prepared, and a check would then be made out accordingly. A letter to the payee would be written to accompany the check, and with it would be given to the mailing department.

Joyce accomplished the misappropriation by intercepting the letter and check before it was mailed, keeping the check for cashing and appropriating the money to himself, and then making entries in the corporation records to cover the defalcation. For the purpose the names of friends of Joyce in Baltimore were used as payees of the checks, and he secured their consent and endorsements by representing that the money was due to him for commissions on insurance sold by him, but that the names of friends must be used because it was not customary for office employees of the corporation to collect premiums on such insurance, as it did not want its agents to know that office employees were thus engaging in the business of selling. It was further represented that the method of concealment was known to the treasurer, whose name appeared on the checks, and was approved by him.

Wolff was one of the friends whose names were so used. He took the representations to be true, and endorsed, or sometimes cashed, the checks made out to him, but merely turned the money over to Joyce, receiving none of it himself.

As the case was tried before the court below without a jury under Rule 9c, Part Three, III, Gen. Rules of Practice and Procedure, of this court, adopted on January 30, 1941, it may be reviewed upon both the law and the evidence, but there is no dispute of facts.

Conversion of a check as a chattel, a tort, is, of course, the subject of the suit. The money represented by it is not the direct subject, as trover does not lie to recover money converted; it lies to recover damages for the tort. See authorities collected in *Davin v. Dowling*, 146 Wash. 137, 140, 262 P. 123. And the conversion alleged is a wrongful assumption of property or right of possession in the check by endorsing it, or an intermeddling with a right of possession in the corporation, an "unauthorized assumption of the powers of the true owner." *Pollock, Torts*, 14th Ed., 286; *Hammond v. Du Bois*, 131 Md. 116, 101 A. 612.

There is no question of the propriety of a suit for conversion of a check, if a conversion can be found. *First Nat. Bank v. Montgomery Cotton Mfg. Co.*, 211 Ala. 551, 101 So. 186; *Blum v. Whipple*, 194 Mass. 253, 80 N. E. 501, 13 *L. R. A. (N. S.)* 211, 120 *Am. St. Rep.* 553; *Winner v. Penniman*, 35 Md. 163, 167, 6 *Am. Rep.* 385; *Brown v. Bokee*, 53 Md. 155, 170; *Thomson v. Gortner*, 73 Md. 474, 478, 21 A. 371. And it is correct that innocence of wrong in a converter is not always a complete answer, as argued. *Levi v. Booth*, 58 Md. 305, 318, 42 *Am. Rep.* 332. Nor is the lack of profit in the defendant, or a conversion to his own use, decisive. *Gray v. Frazier*, 158 Md. 189, 148 A. 457. What is a decisive answer to this suit is the fact that the case is not one of interference with a right in the corporation to possession of the check. It was not the payee. It was the payor. The check was so drawn that it was in effect delivered by it to the defendant. This was, it is true, brought about by the fraud and misrepresentation of Joyce in passing it in to the treasurer as made out to an agent in the field, but the corporation had nevertheless put the check out for the possession and endorsement of a Charles Wolff. The wrong seems to have been not in interfering with its subsequent possession by the corporation, but in the fraud in Joyce's having it put out, by his representation that Wolff was a person to whom money was owing.

This was a wrong in which the defendant had no part which would support an action against him. It may be true, as argued, that Wolff should have suspected the representations made to him, and have been on his guard against the wrongdoing, but it is not clearly true. He had before him the authorized official signature to the check, and a man in his position might readily assume that it was signed with knowledge of the facts. The argument seems to demand more penetration to the real, contrary facts that can be expected of a small business man.

The trial court was not requested to declare that the plaintiff, for want of legally sufficient evidence, was not entitled to recover, but this court finds that to be the results of the facts and law, although the defendant's prayers which were granted seem to assume that the question in the case was not to be decided as matter of law. Under Rule 9c, previously referred to, no requests for instructions or exceptions to the judgment are necessary on a trial held before the court without a jury after September 1, 1941, as this trial was, and an appeal might be taken according to the practice in equity, the Court of Appeals reviewing upon the law and the evidence. The case was not disposed of in strict accordance with that rule; no statement of the grounds of decision was filed. But whatever might be the effect of that fact, there could be no reversal and grant of a new trial if any error were found in instructions granted, because on the new trial there would be a verdict directed for the defendant. *Ross v. Phillips,* 148 Md. 165, 169, 129 A. 21; *Hart v. Vogel,* 159 Md. 145, 148, 150 A. 261.

*Judgment affirmed, with costs.*