SIELAND *v.* GALLO ET AL.
GRIFFIN ET AL. *v.* GALLO ET AL.
(Three Appeals in One Record)

[No. 68, October Term, 1949.]

284

*Decided January 12, 1950.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*Isidor Roman* and *Edgar Paul Boyko* for the appellants.

*Palmer R. Nickerson*, with whom were *Paul F. Due* and *Due, Nickerson & Whiteford* on the brief, for David T. Gallo.

*Roszel C. Thomsen*, with whom were *Clark, Thomsen & Smith* and *Robert H. Engle* on the brief, for Douglas D. Clark.

COLLINS, J., delivered the opinion of the Court.

This is an appeal by Oscar M. Sieland, Charles G. Griffin and Leroy M. Griffin, plaintiffs below, appellants here, from judgments for costs in favor of the defendants, David T. Gallo and Douglas D. Clark, appellees here. The three cases were tried jointly before the trial judge and a jury.

The facts for the purpose of this opinion substantially follow. The appellant Leroy M. Griffin on August 9, 1948, in the afternoon, was driving his automobile in a rainstorm on the Philadelphia Road toward Baltimore, at a point about two miles south of White Marsh in Baltimore County. In his car were the other two appellants, Oscar M. Sieland and Charles M. Griffin. The north bound lane of this dual highway was closed for repairs and both north and south bound traffic were using the south bound lane. David T. Gallo, driving in the same direction and to the rear of the Griffin car, when applying his brakes slid his automobile in the mud and struck the rear of the Griffin car. The automobile of Douglas D. Clark, the other appellee, then ran into the rear of Gallo's car and pushed Gallo's car into the Griffin car a second time. Suit was entered for personal injuries and for damages to Leroy Griffin's automobile.

The cases come to this Court on two specific exceptions to the charge given the jury by the trial judge. The appellants also noted an exception to "the charge as a whole." Such an exception cannot be reviewed by this Court. Under the provisions of Rule 6(c) and (d) of the General Rules of Practice and Procedure, Part Three, Section III, the exception must state distinctly the portion of the charge to which the objection is made and the specific grounds of the objection. *Fisher v. Baltimore Transit Co.*, 184 Md. 399 and page 402, 41 A. 2d 297; *Coca-Cola Bottling Works v. Catron*, 186 Md. 156, 163, 46 A. 2d 303; *Barone v. Winebrenner*, 189 Md. 142, 145-146, 55 A. 2d 505, 506; *Goldman v. Johnson Motor Lines*, 192 Md. 24, 30, 63 A. 2d 622, 625. On appeal we can only consider the particular portions of the instruc-

tions objected to, before the jury retired, when the specific grounds of such objections are distinctly stated.

The first specific exception is to the following part of the judge's charge. "The defendant David Gallo claims that he was not negligent. He claims that he received no ample warning permitting him to stop his automobile in time to keep it from crushing into Leroy Griffin's car. He feels that Mr. Leroy Griffin contributed to the happening of the accident of which he complains and that brings up the question of contributory negligence." The trial judge then continued to instruct the jury as to the law on contributory negligence. The appellants contend that no such claim was made by Gallo and, further, that there was no evidence in the case of contributory negligence and that there should not have been any instruction to the jury on contributory negligence. Of course, in the absence of any evidence tending to show contributory negligence it is error to instruct the jury on that question. *Garozynski v. Daniel,* 190 Md. 1, 4-5, 57 A. 2d 339, 341; *State v. Penn. R. R.,* 190 Md. 586, 592-593, 59 A. 2d 190, 193; *Goldman v. Johnson Motor Lines,* 192 Md. 24, 31, 63 A. 2d 622, 626, *supra.* We do not deem it necessary to review the testimony to determine whether there was any evidence of contributory negligence justifying such an instruction. In the case of the other appellants, the judge distinctly instructed the jury: "There is no evidence of contributory negligence chargeable to Mr. Charles Griffin nor to Mr. Sieland." Assuming that the trial judge was in error in instructing the jury as to the facts showing contributory negligence on the part of appellant Leroy Griffin, such error appears to be harmless. The judge clearly told the jury that there was no evidence of contributory negligence on the part of Charles Griffin or Oscar Sieland. With that instruction before them the jury found a verdict in favor of the two defendants, which clearly indicates that they found no negligence on the part of the appellees. Therefore, if there was error in the portion of the charge concerning contributory negligence and in the facts relating thereto,

this could not have prejudiced the appellants. It has been stated many times by this Court that error by the trial judge will not justify a reversal unless such error is prejudicial. *Ross v. Phillips,* 148 Md. 165, 169, 129 A. 21; *Dippel v. Juliano,* 152 Md. 694, 702, 137 A. 514; *Tittlebaum v. Pennsylvania Railroad Co.,* 167 Md. 397, 404, 174 A. 89; *Biggs v. Hutzler Bros.,* 181 Md. 50, 56, 28 A. 2d 609; *Barone v. Winebrenner,* 189 Md. 142, 55 A. 2d 505, 506, *supra.*

The second exception taken by the counsel for appellants to the judge's charge was his failure to grant the following instruction requested by him: "Also, I think it might be made more precise, your honor, if you instructed the jury that the driver of the car who follows another car should keep his automobile under such control as to be able to stop or prevent an accident, whenever the occasion arises." This request was entirely too broad. We know of no provision in the Maryland law which requires one operating an automobile who follows another automobile to keep his car under such control as to be able to stop or prevent an accident "whenever the occasion arises." Code 1947 Supplement, Article 66½, Section 169, provides in part as follows: "(Following Too Closely). (a) The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway." As to how closely one automobile should follow another depends upon the circumstances of each case, namely, the speed of such vehicles, the amount of traffic, and the condition of the highway. The driver should act reasonably and prudently, taking these factors into consideration. *Mitchell v. Dowdy,* 184 Md. 634, 642, 643, 42 A. 2d 717. The trial judge could not have granted the broad instruction requested by the appellants here. As we find no merit in the two exceptions taken by the appellants the judgments will be affirmed.

*Judgments affirmed, with costs.*